United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-30740

_____

OSCAR RICO; JESSE DAVIS,

Plaintiffs-Appellants,

versus

AMERICAN FAMILY MUTUAL INSURANCE CO., ET AL,

Defendants,

AMERICAN FAMILY MUTUAL INSURANCE CO.; KAREN WITHERSPOON,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(No. 01-CV-435-I)

_____

Before REAVLEY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellants Oscar Rico ("Rico") and Jesse Davis ("Davis") alleged that their pre-existing

injuries were aggravated by an automobile accident in July 2000. The jury disagreed. Appellants filed

a motion for judgment as a matter of law or a new trial, the district court denied the motion, and we

AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTS AND PROCEEDINGS

At approximately 11:00 a.m. on July 31, 2000, Rico, a taxi driver, was driving his passenger, Davis, west along Prytania Street in New Orleans, Louisiana. Karen Witherspoon ("Witherspoon"), whose car was parked on Prytania Street, was in the process of pulling out from her parking space when the two cars collided. Each vehicle sustained about $1,800 worth of damages.

At the time of the accident, none of the parties requested medical assistance or informed the investigating officer that they were injured. Subsequently, Rico and Davis filed suit against Witherspoon and her insurer, American Family Mutual Insurance Co. (collectively, "Appellees"), claiming that the accident aggravated Appellants' pre-existing injuries.

Both Rico and Davis have a long history of prior injuries and/or accidents. Rico was involved in 10-15 automobile accidents over the past fifteen years, including two accidents within the past three years that allegedly caused him serious injuries.[1] In the years preceding the July 2000 accident, Rico repeatedly sought treatment for pain and associated problems (e.g., numbness, tingling, difficulty walking or grasping objects) arising out of injuries to his neck, lower back, right hand and wrist, and left knee.[2] Rico claimed that the July 2000 accident aggravated the pre-existing injuries to his lower back, right wrist, and left knee.[3]

Before the July 2000 accident, Davis suffered from injuries to his lower back, neck, and legs.

---

[1] Rico indicated that he filed a lawsuit or claim for each accident. Notably, Rico alleged in a prior lawsuit that a May 1999 accident resulted in severe injuries to his neck, back, right wrist, and knees.

[2] Rico was treated by a number of different doctors, many of whom testified at trial.

[3] Appellants' brief characterizes the right wrist injury as new, but the record indicates that Rico had previously sought treatment for pain and other problems, including symptoms of carpal tunnel syndrome, with his right hand and/or wrist.

He had back surgery in 1982, and his subsequent history of accidents, including four automobile accidents and three slip-and-fall accidents, seem to have worsened his injuries.[4] He has sought treatment on a number of occasions for his injuries. Davis has been on Social Security disability since 1982 due to his lower back condition, and he has sought compensation up to five times for injuries to his lower back. Davis claimed that the July 2000 accident aggravated the pre-existing injuries to his neck, leg, and back.

The jury found that the July 2000 accident did not aggravate Appellants' injuries. Appellants filed a motion for judgment as a matter of law or a new trial, which the district court denied. On appeal, Appellants argue that: (1) there was insufficient evidence to support the jury's finding that Appellants' pre-existing injuries were not aggravated; and (2) the district court improperly admitted the testimony of Patrice Dangerfield, who represented an insurance company in a prior settlement with Rico.

## II. STANDARD OF REVIEW

"A jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as it did. 'We test jury verdicts for sufficiency of the evidence . . . , viewing all of the evidence and drawing all reasonable inferences in the light most favorable to the verdict.'" *Vadie v. Miss. State Univ.*, 218 F.3d 365, 372 (5th Cir. 2000) (internal citations omitted).

We review evidentiary rulings for abuse of discretion and will reverse a district court's ruling only if it affects a substantial right of a party. *Caparotta v. Entergy Corp.*, 168 F.3d 754, 755-56 (5th Cir. 1999).

---

[4] Between April and July 2000, Davis visited at least three different emergency rooms seeking treatment for back and leg injuries allegedly sustained in three different slip-and-fall accidents: a fall down the stairs, a fall from the bathtub, and a fall while running from a pit bull.

3

## III. DISCUSSION

### A. Sufficiency of the Evidence

Appellants assert that they provided a great deal of evidence indicating that the July 2000 accident aggravated their pre-existing injuries. Based on this cumulative evidence, Appellants assert that no reasonable jury could have found an absence of aggravation.

Appellants' argument is without merit. Appellees repeatedly demonstrated that any and all of the ailments suffered by the Appellants originated prior to the July 2000 accident. Although many doctors testified as to Appellants' injuries, none provided any significant evidence linking the July 2000 accident to an aggravation of any injury. Indeed, the record indicates that the state of Appellants' health and injuries did not change as a result of the July 2000 accident. Therefore, the jury verdict must be upheld.

### B. Dangerfield Testimony

The district court admitted Dangerfield's testimony for the limited purpose of establishing the following facts: (1) Rico alleged in a prior lawsuit that his right hand, knees, and lower back were injured in a May 1999 automobile accident; (2) the medical evidence in the prior lawsuit indicated what injuries Rico was suffering from; and (3) Rico settled with the defendant in that case. Dangerfield did not provide any details of the settlement or settlement negotiations.

Appellants argue that the testimony was improper and irrelevant, but they provide no evidence that the admission of Dangerfield's testimony affected the substantial rights of Rico. Therefore, it was not an abuse of discretion for the district court to admit Dangerfield's testimony.

### IV. CONCLUSION

Based on the foregoing analysis, and for the reasons essentially stated by the district court,

the judgment of the district court is AFFIRMED.